UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: **10-20645-CIV-MORENO**

IN RE: MAISON GRANDE CONDOMINIUM ASSOCIATION, INC., a Florida not for profit corporation,

    Debtor.

_____/

## ORDER DENYING MOTION FOR REHEARING

THIS CAUSE came before the Court upon Motion for Rehearing **(D.E. No. 5)**, filed on **March 18, 2010**.

THE COURT has considered the motion, the response, and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion for rehearing is DENIED.

This is an appeal of an interlocutory order of the Bankruptcy Court. The Bankruptcy Court issued an order allowing a condominium association to reject a 99-year lease. Under the terms of the lease, which is in its 38th year, the condominium association pays a trust (the "Appealing Parties") rent, which is currently at $112,241.95 per month, for use of the pool and 46 parking spaces underneath. The Association is responsible for payment of taxes, insurance, and maintenance of the leased premises. The Association stopped paying the rent in January 2009 when many unit owners stopped paying their monthly maintenance assessments. The Appealing Parties are seeking leave to appeal the Bankruptcy Court's order allowing the association to reject the lease.

At issue is the timing of the Notice of Appeal and the Motion for Leave to Appeal. The Court initially found the appeal untimely based on Bankruptcy Rule 8003, albeit mistakenly relied

on the date in which it was filed in the District Court. The Association argues that the Appealing Parties nevertheless filed the Notice of Appeal and Motion for Leave to Appeal a day late in the Bankruptcy Court.

The Bankruptcy Rules require that in conjunction with a Motion for Leave to Appeal, a Notice of Appeal also be filed. Rule 8001(b) states an interlocutory appeal "shall be taken by filing a notice of appeal, as prescribed in subdivision (a) of this rule." Rule 8002(a) states that a Notice of Appeal shall be filed with the clerk within 14 days of the date of the entry of the judgment, order, or decree appealed from." Rule 8003 requires the Motion for Leave to Appeal to likewise be filed within fourteen days. "[T]he timely filing of a notice of appeal is 'mandatory and jurisdictional.' If the notice is not timely filed, the appellate court is without jurisdiction to hear the appeal." *In re: Laurent*, 149 Fed. Appx. 833, 836 (11th Cir. 2005) (finding bankruptcy appeal timely when a notice of appeal was filed in prescribed time period even though the motion for leave to appeal was nonconforming).

A review of the Bankruptcy Court docket shows the Appealing Parties did initially file a timely motion and notice in the Bankruptcy Court. In their Motion for Rehearing, the Appealing Parties indicate there was an issue regarding payment of the appeal fee. Due to this issue, the Appealing Parties filed a Notice to Withdraw the Notice of Appeal at Docket Entry 269 and the Motion for Leave to Appeal at Docket Entry 270 (both filed on January 27, 2010 - the fourteenth day following the Bankruptcy Court's Order). As the Appealing Parties withdrew the earlier versions of the notice and the motion, the docket only reflects a Notice of Appeal and Motion for Leave to Appeal docketed on January 28, 2010 - a day late. Accordingly, there is no jurisdiction to rule on the merits of the Motion for Leave to Appeal as the notice and the motion are filed on the docket one

day after the fourteen-day period expired.

Rule 8002(c) allows for extensions of time to file a Notice of Appeal, as long as the motion for extension of time is either filed before the expiration of time to file an appeal or within twenty-one days thereafter for excusable neglect. The Appealing Parties, in this case, did not seek a one-day extension of time to file the Notice of Appeal. There was no motion filed on January 27, 2010 when they realized the Bankruptcy Court would not accept the form of payment and there was no motion for extension of time premised on excusable neglect filed thereafter as reflected in the Bankruptcy Court docket transmitted to this Court. There being no motion to extend the time to appeal, the Court is without jurisdiction to extend the fourteen-day period and adjudicate the merits of this interlocutory bankruptcy appeal.

DONE AND ORDERED in Chambers at Miami, Florida, this 6 day of May, 2010.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
United States Bankruptcy Court
Counsel of Record